# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ, | 1:11-cv-01222-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO REVOKE IN FORMA PAUPERIS STATUS PURSUANT TO SECTION 1915(g) AND TO REQUIRE PLAINTIFF TO PAY $350.00 FILING FEE WITHIN FIFTEEN DAYS (Doc. 11.) |
| v. | |
| DIRECTOR OF CDCR, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Lofofora Eva Contreraz ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 25, 2011. (Doc. 1.) On the face of Plaintiff's complaint, he listed his name as "Lofofora Eva Contreraz" with CDC number C-45857. Id. at 1. On September 6, 2011, Plaintiff filed an application to proceed in forma pauperis, which was granted by the Court on September 21, 2011. (Docs. 10, 11.) On October 26, 2012, Plaintiff filed an amended complaint which awaits the Court's requisite screening under 28 U.S.C. § 1915. (Doc. 30.)

On December 14, 2006, Plaintiff also filed case 1:16-cv-01817-LJO-SKO-PC (E.D. Cal.); Michael Contreraz v. J. Stockbridge, listing his name as Michael Contreraz (alleging, inter alia, excessive force and failure to protect Plaintiff). (See Complaint in case 1:06-cv-01817-LJO-SKO-

1

PC, Doc. 1.) In that case, Plaintiff also lists CDC number C-45857. Id. at 1. In addition, Plaintiff has used at least twelve different aliases to file lawsuits, i.e., "Michael Contreras" aka Al-Mu'min Jihad-Contreras aka Al-Mu'min Jihad Contreras aka Eva Lofofora Contreras aka Jihad Contreras aka Lofofora Contreras aka Lofofora Eva Contreraz aka Lofofora Eva Contreras aka Lopofora Contreras aka Michael Hernandez Contreras aka Michael Contreraz aka Quetzal Contreras aka Quetzal Contreraz.[1]

## II.   THREE STRIKES LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011); Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). Pursuant to the PLRA, the in forma pauperis statute was amended to include § 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent

---

[1] A review of Plaintiff's filing history using CDC number C-45857 reveals that Plaintiff has filed numerous cases under numerous aliases. See, e.g., Lofofora Contreras v. Sherman Block, Sheriff of Los Angeles County, 2:91-cv-03044-JMI-CT (C.D. Cal.) (case terminated June 4, 1992); Lofofora Eva Contreras v. Health and Human Services, Secretary, 3:92-cv-03901-JPV, 1992 U.S. Dist. LEXIS 19138, at *2-*3 (N.D. Cal. Dec. 9, 1992) (The Court found that 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis sua sponte upon determining that the claim is premised on a meritless legal theory. The Court dismissed Plaintiff's claim for court approval of a paralegal course by mail to count as a rehabilitation program to qualify for social security benefits pursuant to 42 U.S.C. § 402. A federal district court is not the proper court to grant or deny program approval pursuant to § 402. Plaintiff must first seek relief in the state court under 42 U.S.C. § 405(g), and 20 C.F.R. 404.900-982 before the case can be brought in federal court; Eva Lofofora Contreras v. James Gomez, Director Dept. of Corrections, 3:93-cv-01976-EFL, 1994 WL 478793 (N.D. Cal. Aug. 29, 1994) (dismissed for failure to state a claim and affirmed on appeal) ("The district court provided Contreras two opportunities to amend his complaint . . . but Contreras failed to cure the defects of his complaint. Accordingly, the district court did not abuse its discretion by dismissing this action without additional leave to amend." Contreras v. Gomez, 54 F.3d 785 (9th Cir. 1995)); Lopofora Contreras v. U.S. Department of Interior, 2:93-cv-00949-JGD-CT (C.D. Cal.) (granting defendant's motion to dismiss on October 7, 1994) (district court found appeal not taken in good faith) (dismissed on appeal for failure to prosecute, No. 94-56601, 9th Cir. Mar. 7, 1995); Al-Mu'Min Jihad-Contreras v. James Gomez, 2:94-cv-00089-WBS-JFM (E.D. Cal.) (Rule 41 voluntary dismissal following report and recommendations to dismiss action with prejudice); Michael Contreras v. Richard NMI Dixon, 2:94-cv-03757-KN-JG (C.D. Cal.) (denying motion to proceed in forma pauperis and dismissing case on June 23, 1994); Jihad Contreras v. Virgil Townsend, Superintendent, Bureau of Indian Affairs, 3:94-cv-00732-R-POR (S.D. Cal.) (Indian Tribal rights case) (dismissed for failure to prosecute); Al-Mu'min Jihad Contreras v. S. Vonbiela, 3:94-cv-01840-DLJ (N.D. Cal. Nov. 8, 1994) (denying motion to proceed in forma pauperis for Plaintiff's allegations of labeling his mail as "legal mail" and dismissing case for failure to state a claim) (in forma pauperis denied on appeal, No. 94-17219, 9th Cir. Feb. 28, 1995) (see Contreras v. Ibarra, No. 1:11-cv-01523-LJO-GBC; see also Contreras v. Sharon, 1:11-cv-01607-LJO-GBC (E.D. Cal.) (dismissal order from case No. 3:94-cv-01840-DLJ attached to F&R to revoke IFP; Quetzal Contreraz v. D. Adams, 1:04-cv-06039-LJO-GSA (E.D. Cal.) (case pending for claims that Plaintiff is required to shave his facial hair, violating his First Amendment right to practice the Native American Olin Pyramid Religion); Michael Contreraz aka Lofofora Eva Contreraz v. Stockbridge, 1:06-cv-01817-LJO-SKO (E.D. Cal.) (case pending for excessive force); Lofofora Eva Contreraz aka Mike Contreraz aka Michael Hernandez Contreras v. Ken Salazar, Secretary, U.S. Department of Interior, 3:11-cv-00265-GPC-PCL (S.D. Cal.) (case pending and Court noted that Plaintiff has filed cases under several names, See Order Granting In Forma Pauperis at 1 n.1, Doc. 8.).

danger of serious physical injury. <u>Andrews</u>, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S. C. § 1915(g). <u>See</u> also <u>Thomas v. Yates</u>, 2012 WL 2520924, at * 4 (E.D. Cal. June 27, 2012) (finding that appeals count as strikes pursuant to <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008)). Determining whether prior dismissals count as strikes under § 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Andrews</u>, 398 F.3d at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. <u>O'Neal</u>, 531 F.3d at 1153.

### III.    THREE STRIKES ANALYSIS

On September 21, 2011, the Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 11.) A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. The Court takes judicial notice of the following cases which count as strikes:

(1) <u>Lofofora Eva Contreras v. Health and Human Services Secretary</u>, 3:92-cv-03901-JPV, 1992 U.S. Dist. LEXIS 19138, at *2-*3 (dismissed on December 9, 1992 at the Northern District of California for failure to state a claim). The Court found that 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis sua sponte upon determining that the claim is premised on a meritless legal theory. The Court dismissed Plaintiff's claim for court approval of a paralegal course by mail to count as a rehabilitation program to qualify for social security benefits pursuant to 42 U.S.C. § 402, because a federal district court is not the proper court to grant or deny program approval pursuant to § 402.

///

Plaintiff must first seek relief in the state court under 42 U.S.C. § 405(g), and 20 C.F.R. 404.900-982 before the case can be brought in federal court;

(2) <u>Eva Lofofora Contreras v. James Gomez, Director Dept. of Corrections</u>, 3:93-cv-01976-EFL, 1994 WL 478793 (Dismissed on August 29, 1994, at the Northern District of California, for failure to state a claim, and affirmed on appeal) . ("The district court provided Contreras two opportunities to amend his complaint . . . but Contreras failed to cure the defects of his complaint. Accordingly, the district court did not abuse its discretion by dismissing this action without additional leave to amend." <u>Contreras v. Gomez</u>, 54 F.3d 785 (9th Cir. 1995)); and

(3) <u>Al-Mu'min Jihad Contreras v. S. Vonbiela</u>, 3:94-cv-01840-DLJ (Dismissed on November 8, 1994, at the Northern District of California) (denying motion to proceed in forma pauperis for Plaintiff's allegations of labeling his mail as "legal mail" and dismissing case for failure to state a claim) (in forma pauperis denied on appeal, No. 94-17219, 9th. Cir. Feb. 28, 1995) (see <u>Contreras v. Ibarra</u>, No. 1:11-cv-01523-LJO-GBC; <u>see</u> <u>also</u> <u>Contreras v. Sharon</u>, 1:11-cv-01607-LJO-GBC (E.D. Cal.) (dismissal order from case No. 3:94-cv-01840-DLJ attached to F&R to revoke IFP).

Thus, Plaintiff has three or more strikes which occurred before Plaintiff filed this action on July 25, 2011. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical injury at the time he filed his complaint.[2] Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and revocation of Plaintiff's in forma pauperis status is appropriate. 28 U.S.C. § 1915(g). The filing fee for this action is $350.00. Court records show that to date, Plaintiff has not made any payments of the filing fee.

**IV.   CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Plaintiff's in forma pauperis status be REVOKED, pursuant to 28 U.S.C. § 1915(g);

///

---

[2] Plaintiff's claims in this action arise from allegations that he is not receiving adequate treatment for Gender Identity Disorder. The Court expresses no opinion on the merits of Plaintiff's claims.

4

2. The Court's order of September 21, 2011, which granted Plaintiff in forma pauperis status and directed the Director of the California Department of Corrections and Rehabilitation or his designee to deduct payments for the $350.00 filing fee from Plaintiff's trust account, be VACATED;

3. The Clerk of the Court be DIRECTED to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division, and (2) the Director of the California Department of Corrections and Rehabilitation via the Court's electronic case filing system (CM/ECF); and

4. Plaintiff be required to PAY the $350.00 filing fee for this action in full within **fifteen (15) days** or this action will be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 20, 2012**                        /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE