UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>DIRECTOR OF CDCR, et al.,<br><br>    Defendants. | 1:11-cv-01222-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 35.) |

**I.     BACKGROUND**

Lofofora Eva Contreraz ("Plaintiff"), a state prisoner housed at Salinas Valley State Prison ("SVSP") in Soledad, California, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was dismissed on January 28, 2013, based on Plaintiff's failure to obey the Court's order to pay the filing fee for this action. (Doc. 33.) On March 15, 2013, Plaintiff filed a motion to reopen the case, which the Court construes as a motion for reconsideration of the Court's order dismissing this action. (Doc. 35.)

**II.    MOTION FOR RECONSIDERATION**

    **A.     <u>Legal Standard</u>**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

1

utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**B.    Discussion**

Plaintiff requests reconsideration of the Court's January 28, 2013 order dismissing this action, because since November 15, 2012, he has been undergoing mental therapy at SVSP through the Department of Mental Health and does not have access to the law library or his legal property.  Plaintiff reports that he was unable to respond to the Court's orders in this action or defend against dismissal of the case.

In this action, the Court found that prior to filing this action, Plaintiff had filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. 31.)  Based on this finding, Plaintiff's in forma pauperis status was revoked pursuant to 28 U.S.C. § 1915(g), and Plaintiff was ordered to pay the $350.00 filing fee for this action within fifteen days. (Doc. 32.)  The fifteen day time period expired, and Plaintiff failed to pay the filing fee. (Court Record.)  Therefore, on January 28, 2013, the case was dismissed without prejudice. (Doc. 33.)

Plaintiff's remedy at this juncture is to bring his claims in a new case, with payment of the $350.00 filing fee.  Plaintiff's arguments in support of reopening this case are not persuasive.  Plaintiff

1 complains that he was unable to respond to the Court's orders because he does not have access to the
2 library or legal materials.  However, Plaintiff did not require access to the law library or legal materials
3 to pay the filing fee.   Moreover, Plaintiff has not explained how he expects to prosecute this action if
4 it is reopened; Plaintiff asserts that he will be participating in the mental health program, without access
5 to the law library or legal materials, for one-to-two more years. Plaintiff has not demonstrated that the
6 Court committed clear error, or presented the Court with new information of a strongly convincing
7 nature, to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall
8 be denied.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's order dismissing this action, filed on March 15, 2013, is DENIED.

IT IS SO ORDERED.

**Dated:   March 19, 2013**             /s/  **Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

3